communication network by which information concerning the Celebrex Enterprise is exchanged on a regular basis. Typically this communication occurs by the use of electronic mail or the telephone in which Defendants plan the operation of the Celebrex Enterprise alleged herein and ran its continuing operation. This communication also occurred at meetings of the sales departments of each Defendant.

237.    As part of their conduct of the Celebrex Enterprise and as part of the Enterprise's decisional marketing structure, Defendants agreed to maintain close communications between scientists at each company who were studying safety, agreed to control media access to safety news and to provide each company's sales force with an agreed response to safety issues.

238.    In violation of Section 1962(c) of RICO, each Defendant conducted the affairs of the Celebrex Enterprise with which they associated by reporting fraudulent, false, deceptive and/or incomplete information as to the safety of Celebrex that were then disseminated nationwide.

**Defendants' Pattern of Racketeering Activity**

239.    Each Defendant conducted and participated in the affairs of the Celebrex Enterprise through a pattern of racketeering activity, including acts that are indictable under 18 U.S.C. § 1341, relating to mail fraud, and 18 U.S.C. § 1343, relating to wire fraud. Defendants' pattern of racketeering likely involved thousands, if not hundreds of thousands, of separate instances of use of the U.S. mails or interstate wire facilities in furtherance of their Celebrex Enterprise. Each of these fraudulent mailings and interstate wire transmissions constitutes a "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)(B). Collectively, these violations constitute a "pattern of racketeering activity," within the meaning of 18 U.S.C. § 1961(5), by means of which Defendants intended to defraud Plaintiffs, members of the Class and other intended victims of the Celebrex Enterprise.

240.    Defendants' fraudulent and unlawful Celebrex Enterprise consisted, in part, of disseminating by means of the U.S. mails and interstate wire facilities fraudulent information as to the safety and superiority of Celebrex. As a result, Defendants engaged in a fraudulent and unlawful course of conduct constituting a pattern of racketeering activity.

516090.1

- 76 -          Case No. M:05-CV-01699-CRB; MDL No. 1699

241.   Defendants' racketeering activities amounted to a common course of conduct, with similar pattern and purpose, intended to deceive Plaintiffs and members of the Class.  Each separate use of the U.S. mails and/or interstate wire facilities employed by Defendants was related, had similar intended purposes, involved similar participants and methods of execution, and had the same results affecting the same victims, including Plaintiffs and members of the Class.  Each Defendant has engaged in the pattern of racketeering activity for the purpose of conducting the ongoing business affairs of the Celebrex Enterprise.

**Defendants' Motive**

242.   Defendants' motive in creating and operating the Celebrex Enterprise and conducting the affairs of the Celebrex Enterprise described herein was to fraudulently obtain sales and profits.

243.   The Celebrex Enterprise was designed to, and did, encourage others, including health care providers, to advocate the use of Celebrex.  Thus, each Defendant used the Celebrex Enterprise to sell more Celebrex, thereby fraudulently gaining sales and market share and profits.

**Damages Caused by Defendants' Enterprise**

244.   Defendants' violations of federal law and their pattern of racketeering activity have directly and proximately caused Plaintiffs and members of the Class to be injured in their business or property because Plaintiffs and members of the Class have paid billions of dollars in overpayment for Celebrex.

245.   Through the use of the RICO enterprise, Defendants engaged in a pattern of racketeering activity including at least multiple episodes of mail fraud and wire fraud.  Consumers and third party payors were injured in their property by reason of these violations, by, among other things, having to pay hundreds of millions of dollars for Celebrex by reason of the unlawful conduct.... Defendants and their co-conspirators engaged in numerous overt predicate fraudulent racketeering acts in furtherance of the conspiracy, and by reason of this conduct consumers and third party payors were injured in their property.

246.    Defendants' use of the mails and wires to perpetrate its fraud involved thousands of communications, including but not limited to:  communications with health insurers and patients, including Plaintiffs, inducing payments for Celebrex to be made based on misrepresentations concerning the safety, efficacy, and usefulness of Celebrex.

247.    Defendants' fraudulent scheme consisted of, inter alia:  deliberately misrepresenting the uses for which Celebrex was safe and effective so that Plaintiffs and members of the Class paid for this drug to treat symptoms for which it was not scientifically proven to be safe and effective and actively concealing and causing others to conceal, information about the true safety and efficacy of Celebrex.

248.    Plaintiffs and members of the Class have been injured in their business and property by reason of these violations in that Plaintiffs and the members of the Class have made hundreds of millions of dollars in payment for Celebrex that they would not have made had Defendants not engaged in its pattern of racketeering activity.  By reason of the unlawful acts engaged in by Defendants, Plaintiffs and the Class have suffered ascertainable loss of damages.

249.    Plaintiffs' harm is caused by an indivisible course of conduct.  It is impossible to segregate the cumulative and compounding effect of Defendants' multi-faceted wrongful conduct in creating the artificial demand for Celebrex as well as its price inflation.  The intent of Defendants' conduct was to have the multi-faceted nature of its conduct increase demand for Celebrex and inflate its price.

250.    Under the provisions of Section 1964(c) of RICO, Defendants are jointly and severally liable to Plaintiffs and members of the Class for three times the damages that Plaintiffs and the Class Members have sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Violation of the State Consumer Protection Laws)

251.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

252.   Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the manufacture, promotion, and sale of Celebrex to Plaintiffs and the proposed Class Members.

253.   As a proximate result of the Defendants' misrepresentations, Plaintiffs and the proposed Class Members have suffered an ascertainable loss, in an amount to be determined at trial.

254.   Defendants intended that Plaintiffs and Class Members rely on their materially deceptive practices and purchase Celebrex as a consequence of the deceptive practices, including Defendants' misrepresentations and omissions of material fact with respect to the true nature of Celebrex:

a.   Defendants' promotions of Celebrex as a safe drug for the treatment of pain and as having fewer side effects than comparable drugs on the market were deceptive, unfair, and unlawful in that Celebrex actually had an undisclosed risk of adverse cardiovascular events, did not have added benefits over NSAIDs, and was promoted solely for financial reasons and not due to any material increase in medical safety or efficacy over NSAIDs;

b.   Defendants' conduct was unfair, unlawful, and deceptive in that Defendants knew Celebrex was unsafe and increased the risk of adverse cardiovascular events, such as heart attack and stroke, to unacceptable levels, but omitted to disclose these facts to doctors and patients until 2005;

c.   Defendants' conduct was unfair, unlawful and deceptive by virtue of their manipulation of data in an effort to show that Celebrex was associated with a lower incidence of serious upper GI events when compared to NSAIDs when this was not true.

d.   Defendants' conduct was unfair, unlawful, and deceptive in that they failed to adequately disclose that no long term clinical trials have been conducted comparing valdecoxib to either placebo or non-selective NSAIDs, and that two short term trials of patients provided valdecoxib after coronary artery bypass graft ("CABG") surgery should

have a two-fold increased risk of serious adverse cardiovascular events compared to a placebo.

      e.    Defendants' conduct was unfair, unlawful, and deceptive in that they suppressed, manipulated, and concealed information that would demonstrate Celebrex was not superior to NSAIDs in the majority of patients;

      f.    Defendants portrayed Celebrex as a relief for symptoms and diseases without any statistically significant evidence for doing so;

      g.    Defendants omitted material information known to them in order to induce doctors to prescribe Celebrex and consumers to purchase Celebrex at a price that exceeded its actual worth;

      h.    Defendants established Celebrex as a standard course of treatment based upon the use of reprints of articles appearing in prestigious medical journals which Defendants knew were false and/or misleading; and

      i.    Defendants committed unlawful acts by promoting and advertising Celebrex in a manner that violated the Federal Food, Drug, and Cosmetic Act.  See 21 U.S.C. §§ 331(a) and (b), 352(a), (f), and (n) and 355(a).

    255.    Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state consumer protection statutes that allow third-party payors to bring claims.  Plaintiffs assert this claim on behalf of third-party payors located in the states that permit TPP claims under the consumer protection laws as set forth below.

      (a)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code § 40.50.471, *et seq.*;

      (b)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

(c)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*, including § 4-88-113(f), and § 4-8-102(5);

(d)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* and the Consumer Legal Remedies Act, Civ. Code § 1750 *et seq.* ("CLRA");

(e)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*, including § 6-1-113(1)(c) and § 6-1-102(b);

(f)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*, including § 42-110(a)(3);

(g)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*, including 6 Del. Code § 2512;

(h)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*, including § 28-390(1);

(i)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(j)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*, including § 481A-2;

(k)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*, including § 48-602;

(l)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(m)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*, including § 13-101(h);

(n)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

516090.1

(o)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*, including § 445-902(c);

(p)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*, including § 407.010(5);

(q)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(r)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*, including § 30-14-102(5);

(s)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*, including § 59-160(1);

(t)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(u)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*, including § 358-A:1(1);

(v)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*, § 56:8-1(d);

(w)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(x)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(y)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(z)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*, including § 51-15-01(4);

(aa)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*, including § 1345.01(B);

(bb)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(cc)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*, including § 646.605(4);

(dd)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*, including § 201-2(2);

(ee)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*, including § 6-13.1(3);

(ff)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*, including § 39-5-10(9);

(gg)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*, including § 37-24-1(8);

(hh)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*, including § 47-18-103(9);

(ii)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*, including § 17.45(4);

(jj)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-11-1, *et seq.*;

(kk)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*, including § 59.1-198;

(ll)    Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*, including § 19.86.010(1);

(mm)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

(nn)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.*; and

516090.1

- 83 -

Case No. M:05-CV-01699-CRB; MDL No. 1699

1          (oo)    Defendants have engaged in unfair competition or unfair or deceptive acts or

2  practices in violation of Wyo. Stat. § 40-12-100, *et seq.,* including § 40-12-102(a)(i).

3      256.    Defendants' actions, as complained of herein, constitute unfair competition or

4  unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state

5  consumer protection statutes that allow consumers to pursue claims.  Plaintiffs thus assert this

6  claim on behalf of Class Members in the states identified below and pursuant to the statutes

7  identified below:

8          (a)    Defendants have engaged in unfair competition or unfair or deceptive acts or

9  practices in violation of Alaska Stat. Code § 40.50.471, *et seq.;*

10          (b)    Defendants have engaged in unfair competition or unfair or deceptive acts or

11  practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.;*

12          (c)    Defendants have engaged in unfair competition or unfair or deceptive acts or

13  practices in violation of Ark. Code § 4-88-101, *et seq.;*

14          (d)    Defendants have engaged in unfair competition or unfair or deceptive acts or

15  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* and the Consumer Legal

16  Remedies Act, Civ. Code § 1750 *et seq.* ("CLRA");

17          (e)    Defendants have engaged in unfair competition or unfair or deceptive acts or

18  practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.;*

19          (f)    Defendants have engaged in unfair competition or unfair or deceptive acts or

20  practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.;*

21          (g)    Defendants have engaged in unfair competition or unfair or deceptive acts or

22  practices in violation of 6 Del. Code § 2511, *et seq.;*

23          (h)    Defendants have engaged in unfair competition or unfair or deceptive acts or

24  practices in violation of D.C. Code § 28-3901, *et seq.;*

25          (i)    Defendants have engaged in unfair competition or unfair or deceptive acts or

26  practices in violation of Fla. Stat. § 501.201, *et seq.;*

27

28

(j)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

(k)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

(l)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(m)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

(n)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

(o)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*;

(p)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*;

(q)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

(r)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

(s)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*;

(t)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

(u)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(v)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*;

(w)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

(x)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(y)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

(z)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

(aa)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(bb)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(cc)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(dd)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

(ee)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

(ff)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(gg)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*;

(hh)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

(ii)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*;

(jj)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

(kk)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

(ll)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*;

(mm)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

(nn)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

(oo)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

(pp)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

(qq)    Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*;

(rr)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

(ss)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.*; and

(tt)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

257.    Plaintiffs provided notice of this litigation as follows:

258.    In addition, on March 1, 2006, notice was sent to each Attorney General in each of the states requiring notice and where demand on a Defendant is required, such demand was made on March 1, 2006.

259.     Pursuant to Section 1782 of the CLRA, in conjunction with the filing of this action, Plaintiffs have notified Defendants in writing of the particular violations of Section 1770 of the CLRA (the "Notice") and has demanded that Defendants refund the purchase price of Celebrex. Plaintiffs sent the Notice by certified mail, return-receipt requested to Defendants' registered agent of service/principal place of business in California.

260.     As a direct, proximate and foreseeable result of Defendants' actions, Plaintiffs and members of the Class paid for higher priced Celebrex instead of purchasing a lower-priced generic and/or a lower priced Celebrex.

261.     If Plaintiffs and members of the Class had not been deceived concerning the safety and effectiveness of Celebrex, they would have taken steps so as to not purchase Celebrex at the prices set by Defendants.  Among the possible steps is to exclude Celebrex from their approved schedules, set a lower scheduled value in the formulary, set a high co-pay obligation, and otherwise dissuade doctors from prescribing Celebrex.

262.     Defendants' unlawful actions caused the purchase of, or payment for Celebrex by Plaintiffs, and as a result Plaintiffs paid more than they otherwise would have for NSAIDs:  had a reasonable Plaintiff known the truth that Defendants misrepresented and concealed that Plaintiffs would have used and/or paid for another less expensive, equally effective, and at least as safe NSAID — many of which were available without a prescription and therefore would not have generated unnecessary physician visits with the unnecessary expense to plaintiffs.  Defendants would have lost a sale, and Plaintiffs would have avoided loss.

263.     Plaintiffs and members of the Class were injured by the cumulative and indivisible nature of Defendants' conduct.  The cumulative effect of Defendants' conduct directed at physicians and consumers was to artificially create demand for Celebrex in lieu of other NSAIDs and/or caused Celebrex to command an artificially inflated price.  Each aspect of Defendants' conduct combined to artificially create sales of Celebrex and/or to result in overpayments by Class Members.

264. As a direct and proximate result of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiffs and the Class have suffered actual economic damage by paying for Celebrex in lieu of other cheaper drugs and/or to pay at an artificially inflated price.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

265. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

266. To the detriment of Plaintiffs and members of the Class, Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful collection of, inter alia, payments for Celebrex.

267. Plaintiffs and members of the Class were injured by the cumulative and indivisible nature of Defendants' conduct. The cumulative effect of Defendants' conduct directed at physicians and consumers was to artificially create demand for Celebrex at an artificially inflated price. Each aspect of Defendants' conduct combined to artificially create sales of Celebrex.

268. Defendants have unjustly benefited through the unlawful and/or wrongful collection of, inter alia, payments for Celebrex and continue to so benefit to the detriment and at the expense of Plaintiffs and members of the Class.

269. Accordingly, Plaintiffs and members of the Class seek full restitution of the Defendants' enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## FOURTH CLAIM FOR RELIEF
### (Breach of Implied Warranty)

270. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

271. Defendants are merchants and are in the business of selling selective COX-2 inhibitor drugs such as Celebrex.

516090.1

- 89 -

Case No. M:05-CV-01699-CRB; MDL No. 1699

272.    Celebrex was not of merchantable quality and was not fit for its intended use, because it causes increased risk of serious cardiovascular and cerebrovascular adverse events, including heart attacks, strokes and other serious and harmful adverse health effects.

273.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et seq.*

274.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et seq.*

275.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et seq.*

276.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et seq.*

277.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et seq.*

278.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et seq.*

279.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et seq.*

280.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et seq.*

281.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of D.C. Code Ann. § 28:2-314, *et seq.*

282.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, *et seq.*

283.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ga. Code Ann. § 11-2-314, *et seq.*

284.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et seq.*

285.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Id. Code § 28-314, *et seq.*

286.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et seq.*

287.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Indiana Code Ann. § 26-1-2-314, *et seq.*

288.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et seq.*

289.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et seq.*

290.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ky. Rev. Stat. § 355.2-314, *et seq.*

291.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of, and is liable in redhibition under, La. Civ. Code Ann. art. 2520, *et seq.*

292.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et seq.*

293.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et seq.*

294.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106, § 2-314, *et seq.*

295.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2314, *et seq.*

296.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et seq.*

297.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et seq.*

298.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et seq.*

299.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et seq.*

300.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Neb. Rev. Stat. U.C.C. § 2-314, *et seq.*

301.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et seq.*

302.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et seq.*

303.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et seq.*

304.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et seq.*

305.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law § 2-314, *et seq.*

306.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et seq.*

307.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-31, *et seq.*

308.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. § 1302.27, *et seq.*

309.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, *et seq.*

310.   Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, *et seq.*

311.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann. § 2314, *et seq.*

312.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et seq.*

313.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et seq.*

314.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of S.D. ST. 857A-2-314, *et seq.*

315.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et seq.*

316.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Tex. Bus. & Com. Code Ann. § 2.314, *et seq.*

317.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et seq.*

318.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314, *et seq.*

319.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Vt. Stat. Ann. § 9A-2-314, *et seq.*

320.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et seq.*

321.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of W. Va. Code § 46-2-314, *et seq.*

322.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Wis. Stat. Ann. § 402.314, *et seq.*

323.    Pfizer breached its implied warranty that Celebrex was of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, *et seq.*

324.    As a proximate cause of Pfizer's breach of warranty, Plaintiffs and the Class suffered ascertainable losses, injuries and damages as specified herein in an amount to be determined at trial.

325.    In marketing and selling Celebrex, Defendants impliedly warranted that Celebrex provided effective pain relief without the gastrointestinal side effects of traditional NSAIDs.

326.    In marketing and selling Celebrex, Defendants intentionally mislead purchasers to believe, and impliedly warranted, that Celebrex possessed the same cardio-protective properties and skin dangers as traditional NSAIDs.

327.    In reality, Celebrex failed to provide effective pain relief without the gastrointestinal side effects of traditional NSAIDs. Celebrex also did not possess the same cardio-protective properties and skin dangers as traditional NSAIDs. In fact, Celebrex caused or exacerbated cardiovascular injury far more often than traditional NSAIDs, and even more often than other selective COX-2 inhibitor drugs. Accordingly, for these and other reasons, Celebrex was not fit for the purposes for which it was sold and used, and it does not pass without objection in the trade.

328.    Defendants did not effectively disclaim or otherwise limit their implied warranty of merchantability with respect to Celebrex. Therefore, Defendants breached the implied warranty of merchantability as to Plaintiffs and each member of the Class.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

A.    The Court determine that this action may be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims for declaratory, equitable and injunctive relief, and Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and declaring Plaintiffs as representative of the Class and Plaintiffs' counsel as counsel for the Class; and designating such 23(c)(4)(A) class issues and/or 23 (c)(4)(B) subclasses as appropriate.

B.    The conduct alleged herein be declared, adjudged and decreed to be unlawful;

C.      Plaintiffs and the Class be granted an award of damages in such amount to be determined at trial, with trebled damages as provided by law;

D.      Plaintiffs and the Class be granted an award of punitive damages in such amount to be determined at trial;

E.      Defendants be enjoined from continuing the illegal activities alleged herein;

F.      Plaintiffs and the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

G.      Plaintiffs and the Class be granted such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

DATED:  March 1, 2006

                                        Respectfully submitted,

                                        LIEFF, CABRASER, HEIMANN &
                                        BERNSTEIN, LLP

                                        By: _____
                                            Elizabeth J. Cabraser

                                        Elizabeth J. Cabraser
                                        ecabraser@lchb.com
                                        Scott P. Nealey
                                        snealey@lchb.com
                                        Embarcadero Center West
                                        275 Battery Street, 30th Floor
                                        San Francisco, CA  94111-3339
                                        Telephone:  (415) 956-1000
                                        Facsimile:  (415) 956-1008

                                        *Plaintiffs' Liaison Counsel*

1

2

HAGENS BERMAN SOBOL SHAPIRO LLP

3   By   /s/ Steve W. Berman

4      Steve W. Berman
       steve@hbsslaw.com

5      Douglas C. McDermott
       doug@hbsslaw.com

6      1301 Fifth Avenue, Suite 2900
       Seattle, WA  98101

7      Telephone:  (206) 623-7292
       Facsimile:  (206) 623-0594

8      Thomas M. Sobol

9      David S. Nalven, DN-2374
       HAGENS BERMAN SOBOL SHAPIRO LLP

10     One Main Street, Fourth Floor
       Cambridge, MA  02142

11     Telephone:  617-482-3700
       Facsimile:  (617) 482-3003

12     James R. Dugan, II, T.A. (LSBA No. 24785)

13     David L. Browne (LSBA No. 20729)
       Douglas R. Plymale (LSBA No. 28409)

14     DUGAN & BROWNE, LLC
       650 Poydras Street, Suite 2150

15     New Orleans, LA  70130
       Telephone: (504) 648-0180

16     Facsimile: (504) 648-0181

17     Art Sadin
       SADIN LAW FIRM, P.C.

18     1104 S. Friendswood Drive, Suite A
       Friendswood, TX  77546

19     Telephone:  (281) 648-7711
       Facsimile:  (281) 648-7799

20     Lewis Kahn

21     KAHN GUATHIER LAW GROUP, L.L.C.
       650 Poydras Street, Suite 2150

22     New Orleans, LA  70130
       Telephone:  (504) 455-1400

       Facsimile:  (504) 455-1498

23

24     Christopher A. Seeger
       SEEGER WEISS, LLP

25     One William Street
       New York, NY  10004-2502

26     Telephone:  (212) 584-0700
       Facsimile:  (212) 584-0799

27

28

516090.1

Case No. M:05-CV-01699-CRB; MDL No. 1699

PURCHASE CLAIMS MASTER CELEBREX COMPLAINT

Case 3:05-cv-02309-CRB   Document 1-4   Filed 03/24/2006   Page 100 of 101

1

2   Don Barrett
BARRETT LAW OFFICES
3   450 Court Square
Lexington, MS  39095-0987
4   Telephone:  (662) 834-2376
Facsimile:  (662) 834-2628
5
Frank M. Pitre
6   COTCHETT, PITRE, SIMON & McCARTHY
San Francisco Airport Officer Center
7   840 Malcolm Road, Suite 200
Burlingame, CA  94010
8   Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
9
Leonard Barrack
10  Robert Hoffman
Jeffrey Gittleman
11  Chad Carder
BARRACK, RODOS & BACINE
12  2001 Market Street
3300 Two Commerce Square
13  Philadelphia, PA  19103
Telephone:  (215) 963-0600
14  Facsimile:  (215) 963-0838

15  Howard M. Bushman
HARKE & CLASBY LLP
16  155 South Miami Avenue, Suite 600
Miami, Florida  33130
17  Telephone:  (305) 536-8219
Facsimile:  (305) 536-8229
18
L.S. Charfoos (N.Y Reg #2061406)
19  Jason J. Thompson (P47184)
Ann K. Mandt (P46314)
20  CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Ave.
21  Detroit, MI  48202
Telephone:  (313) 875-8080
22  Facsimile:  (313) 875-8522

23  Ronald S. Goldser
ZIMMERMAN REED, PLLP
24  651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
25  Telephone:  (612) 341-0400
Facsimile:  (612) 341-0844
26

27

28
516090.1

Jeffrey S. Goddess
ROSENTHAL, MONHAIT, GROSS & GODDESS
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE  19899-1070
Telephone:  (302) 656-4433
Facsimile:  (302) 658-7567

Richard L. Horwitz
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

Garve W. Ivey, Jr.
Barry A. Ragsdale
William Adair, Jr.
IVEY & RAGSDALE
315 West 19th Street
P. O. Box 1349
Jasper, AL  35502-1349
Telephone:  (205) 221-4644
Facsimile:  (205) 252-8484

Jonathan B. Lowe
LOWE MOBLEY & LOWE
P. O. Box 576
Haleyville, AL  35575-0576
Telephone:  (205) 486-5296
Facsimile:  (205) 486-4531

Jeffrey L. Kodroff
SPECTOR, ROSEMAN & KODROFF, PC
1818 Market Street, Suite 2500
Philadelphia, PA  19106
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

Christopher A. Neal
CHRISTOPHER A. NEAL & ASSOCIATES, P.C.
300 Harwood
Bedford, TX  76021
Telephone:  (817) 545-6100
Facsimile:  (817) 589-2530

*Attorneys for the Celebrex Purchaser Plaintiffs*